## 28460. TURNER v. HOPPER.

Mobley, Chief Justice. John C. Turner appeals from the denial of relief in his habeas corpus proceeding, challenging his conviction and sentence on August 5, 1966, on two counts of armed robbery, for which he was sentenced to serve two consecutive sentences of 20 years. The sentences were later modified to run concurrently.

The appellant contends that his conviction was illegal because the

state introduced in evidence the record of his 1960 conviction of the offense of armed robbery, wherein he was not represented by counsel.

There is no dispute that the 1960 conviction of armed robbery, introduced in evidence on the appellant's 1966 trial, was obtained on his guilty plea which was entered without the benefit, or waiver, of counsel. The 1960 conviction was allowed in evidence to impeach the concluding sentences of the appellant's unsworn statement. In this statement he repeatedly denied the commission of the robberies with which he was charged, and concluded by stating: "I ain't robbed nobody, ladies and gentlemen of the jury, I wish you all would just please listen to what I have to say. And remember this, I didn't rob nobody."

The state took the position that the appellant by this language denied ever having robbed anyone, and the court allowed the introduction of the record of the 1960 conviction, over objection of the appellant's counsel, to impeach these statements.

In Loper v. Beto, 405 U. S. 473 (92 SC 1014, 31 LE2d 374), the Supreme Court of the United States held that the use of convictions constitutionally invalid under Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799, 93 ALR2d 733), to impeach a defendant's credibility, deprives him of due process of law. See also Burgett v. Texas, 389 U. S. 109 (88 SC 258, 19 LE2d 319); *Clenney v. State*, 229 Ga. 561, 563 (192 SE2d 907).

The judge hearing the habeas corpus petition recognized the holding by the United States Supreme Court in regard to the use of invalid convictions, but held that the record of the appellant's prior conviction was admissible for the limited purpose of specifically rebutting what the trial court construed as a declaration by the appellant that he had never committed a robbery, citing Walder v. United States, 347 U. S. 62 (74 SC 354, 98 LE 503), and Harris v. New York, 401 U. S. 222 (91 SC 643, 28 LE2d 1).

A fair interpretation of the language in the appellant's statement, considered in the context of the whole statement, leads inescapably to the conclusion that the appellant was denying only the commission of the robberies with which he was presently charged, and his prior conviction was not admissible to impeach this language.

This error in the appellant's trial for armed robbery denied him due process of law, and requires that he be given another trial, free from the constitutional error previously made.

Since the appellant is granted another trial, it is unnecessary to deal with the enumerated errors pertaining to other alleged errors in his former trial, or alleged errors pertaining to the habeas corpus hearing.

On the return of the case to the habeas corpus court, it is ordered that the appellant be returned to Fulton Superior Court for another trial.

*Judgment reversed with direction. All the Justices concur.*

SUBMITTED DECEMBER 3, 1973 — DECIDED FEBRUARY 6, 1974.

John C. Turner, *pro se.*

*Arthur K. Bolton, Attorney General, William F. Bartee, Jr., B. Dean Grindle, Jr., Assistant Attorneys General,* for appellee.