28761. HOPPER v. THOMPSON.

SUBMITTED MARCH 25, 1974 — DECIDED JUNE 19, 1974.

*Arthur K. Bolton, Attorney General, William F. Bartee, Jr., B. Dean Grindle, Jr., Assistant Attorneys General,* for appellant.

*James C. Bonner, Jr.,* for appellee.

Grice, Chief Justice.

Joe S. Hopper, Warden of the Georgia State prison, appeals from the judgment of the Superior Court of Tattnall County granting the writ of habeas corpus and setting aside the sentence of 15 years for burglary imposed upon the petitioner Lowell David Thompson by the Superior Court of Clayton County.

Upon the habeas corpus hearing the petitioner asserted that he was denied the right to appeal his burglary conviction and that prior invalid convictions were used to enhance his punishment.

The testimony and documentary evidence showed that at the criminal trial notice was given petitioner by the district attorney, in accordance with Ga. L. 1970, pp. 949, 950, as amended (Code Ann. § 27-2534), that eight prior convictions from Fulton County would be used in aggravation of punishment if he were found guilty; that the state eventually tendered six prior convictions; and that on four of the eight prior convictions noticed by the district attorney the petitioner entered pleas of guilty without benefit of counsel.

The habeas corpus court found that there was no evidence to support a finding that the petitioner had waived the right to counsel on these charges; that the waiver of such an important right could not be presumed from a silent record under Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799, 93 ALR2d 733); and that since Gideon had been applied retroactively these four convictions must be deemed invalid. Pickelsimer v. Wainwright, 375 U. S. 2 (84 SC 80, 11 LE2d 41).

It further found that it was unclear from the evidence which of the invalid Fulton County convictions and sentences were introduced at the trial in Clayton County, but that since six of the eight noticed convictions were introduced it was "only a matter of deduction to conclude that at least two of the invalid convictions were introduced"; that for this reason the petitioner's present sentence for burglary from Clayton County must be set aside and a new trial had as to the issue of punishment only; and that a consideration of the appeal issue was

therefore rendered unnecessary.

The respondent warden appeals from this judgment upon the ground that the petitioner made no objection to the admission of the prior invalid convictions at the criminal trial although he was then aware of the basis for it.

We find no merit in this contention.

This court has previously held that where illegal evidence of prior convictions is admitted at the pre-sentence trial, the sentence is void. *Clenney v. State,* 229 Ga. 561 (192 SE2d 907). It is elementary that the question before a habeas corpus court is the validity or illegality of the petitioner's sentence and confinement.

Here, the evidence adduced at the habeas corpus proceeding clearly showed that at least two of the prior convictions submitted in aggravation of punishment were wholly unconstitutional under Gideon v. Wainwright, supra. No attempt was made by the state to prove that the petitioner participated in the abandonment of a constitutional right. We therefore find no error in the judgment setting aside the sentence and remanding him to the custody of the Sheriff of Clayton County for a new trial only as to the issue of punishment. See United States v. Tucker, 404 U. S. 443 (92 SC 589, 30 LE2d 592).

*Judgment affirmed. All the Justices concur.*