## 49989. LATIMER et al. v. THE STATE.

BELL, Chief Judge.

The defendants, Latimer and Reeves, were convicted and sentenced for the wrongful possession of marijuana in violation of the Georgia Drug Abuse Control Act.

Police officers, armed with a search warrant, went to the residence of Latimer in Sandersville, Georgia. Through a window both defendants were observed seated at a kitchen table. Defendant Latimer went to the front door to admit the officers. After entry, plant materials spread on the kitchen table were seized and were subsequently proven to be marijuana weighing in excess of seven ounces. *Held:*

1. The defendants complain that the trial court erred in overruling their separate motions to suppress the evidence because of an unlawful search and seizure. Only two grounds of the motions require consideration.

(a) It is contended that the affidavit supporting the application for the search warrant of Latimer's residence was insufficient to show that probable cause existed. A police officer, on October 12, 1973, appeared before a justice of the peace and sought two search warrants for the defendant Latimer's place of business and his residence. The affidavits relied on the informant's hearsay to show probable cause. The affidavit tendered to support the application for warrant to search the place of business adequately met the test of an informant's tip. It gave adequate reasons for the informant's reliability and stated that the informant made a purchase of marijuana at defendant's place of business on the same day. Spinelli v. United States, 393 U. S. 410, 416 (89 SC 584, 21 LE2d

637); *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473). The second affidavit (by the same officer), based also on an informant's tip, was offered to show probable cause for a search of the residence. It failed, however, to reflect the basis for the informant's alleged reliability but the affiant did state that this was the same informant that had furnished information on the criminal conduct at Latimer's business address. This affidavit also stated that informant had made a purchase of marijuana at the residence the day before. As the affidavits were executed by the same police officer and the warrants were issued by the same justice of the peace and issued on the same day, there is no error. Under these circumstances the police officer's affidavit for the search of the residence incorporated by reference his sworn statement contained in the first affidavit. That incorporation adequately showed the informant's reliability. While referring to material matters in the first affidavit may not be a good practice, it did not vitiate the second warrant.

(b) The defendants contend that the warrant to search the residence authorized only the search of defendant Latimer's person. This warrant authorized the search of the person and the premises of Latimer but failed to describe in the warrant the premises to be searched. Nonetheless in the caption of the warrant there appears a complete description or address of defendant's premises. The search warrant clearly authorized the search of the premises described in the caption of the warrant as well as the person. The failure to reflect the street address or description in the body of the warrant is a technical irregularity which did not affect the substantial rights of defendants and did not authorize suppression of the evidence. Code Ann. § 27-312. There was no error in denying the motions to suppress.

2. The defendant Reeves urges that the only evidence relating to his possession of the marijuana was testimony that he was present in the house. We recognize that mere presence at the scene of a crime, absent a showing of participation, will not support a verdict of guilty. *Sweat v. State,* 119 Ga. App. 646 (168 SE2d 654). Here testimony established that the accused were seated at a kitchen table and that when Latimer exited the room,

Reeves was left in charge of the contraband. The jury was authorized to reasonably infer that the defendants were engaged in a joint venture when interrupted by the police and that both defendants were in possession and control of the marijuana.

3. The defendants complain that the trial court failed to give them opportunity to present pre-sentence evidence as required by law. (Code Ann. § 27-2534). Statutory language to the effect that the jury shall hear additional evidence in extenuation, mitigation, or the absence of prior convictions merely extends a right to an accused at a sentence hearing. It is sufficient if the opportunity to present favorable evidence was there, whether inspired by a court's question, or upon the accused or his counsel's initiative, as long as the accused was not denied the right to present evidence. The court here did not deny the defendants their right to present evidence. Neither the defendants nor their counsel sought that right, although counsel made argument and had ample opportunity to request it.

4. The defendants urge that since the indictment did not allege the amount of marijuana possessed, that they could only be convicted and sentenced for a misdemeanor. It is not necessary to plead the amount of marijuana in an indictment or accusation where trial is had in a superior court which has concurrent jurisdiction over felonies and misdemeanors. *Stinnett v. State,* 132 Ga. App. 261 (208 SE2d 16). The proof here showed that the amount possessed was in excess of one ounce. Therefore, conviction and sentence for a felony was authorized.

5. The remaining enumeration which concerns a part of the charge to the jury has no merit.

*Judgments affirmed. Webb and Marshall, JJ., concur.*

ARGUED JANUARY 6, 1975 — DECIDED MARCH 7, 1975 — REHEARING DENIED MARCH 26, 1975 —

*Carl K. Nelson,* for appellants.
*H. R. Thompson, District Attorney,* for appellee.