## 29474. HOUSER et al. v. THE STATE.

JORDAN, Justice.

Eddie Lee Houser, Jr., and Ella Mae Redding were convicted of kidnapping and armed robbery. Houser was given two consecutive sentences of 15 years each for the two offenses. Redding was given consecutive sentences of 10 years for kidnapping and 5 years for armed robbery. They appeal from their convictions and sentences and from the overruling of their motion for new trial and extraordinary motion for new trial.

The alleged victim of the robbery and kidnapping was working as a night clerk at a motel at the time of the crimes. He testified that: Sometime after 2:00 a.m. a man (identified at the trial as Houser) came to the motel. Houser exhibited his index finger wrapped with tape and said that he could not fill out the registration card. Houser gave the victim a $20 bill, and while the victim was counting the change, Houser drew a gun and forced the victim to give him the money from the cash drawer, and then forced the victim to get in a car parked outside the motel. The driver of the car was a woman (identified at the trial as Redding). The victim was driven to the grounds of a church, where he was forced to lie down, and his hands, feet, and mouth were taped. The victim heard two gunshots, and felt that he had been shot in the leg. After waiting a period of time, he dragged himself to the road and finally got help about 10 a.m. He was hospitalized for 77 days.

The appellants in their testimony admitted that they were with the victim on the date of the alleged crimes, but stated that the victim went with them voluntarily, having previously agreed to pay them $100 to observe them having sexual intercourse. Houser testified that the victim took a gun and the money drawer from the motel and placed them in the car. Redding testified that after she and Houser had performed their agreement, Houser and the victim had sexual relations; thereafter the victim attempted to force her by the use of his gun to have sexual relations with him, and she knocked the gun out of his hands and shot him with it. She testified that she threw the money and the gun on the ground. Houser testified

that he picked up the money.

1. The first error enumerated is the denial of the appellants' motion for new trial. The grounds of the motion are included in the other enumerated errors.

2. Enumerated errors 2, 3, 5, 8, and 9 assert that there was an illegal search of the appellants' mobile home and yard, and that it was error to deny their motions to suppress evidence obtained through that search and seizure.

It is contended by the appellants that an initial illegal search was made of the appellants' home and premises through which certain incriminating evidence was discovered, and that the search warrants were then obtained to search and seize this evidence.

The trial judge was authorized to find the following facts from the evidence at the hearing on the motion to suppress: Officers investigating the robbery and kidnapping in Houston County came to Twiggs County because of information they had received that a few days prior to the robbery a man with a bandaged hand registered at the same motel, giving his name as Ed Houser and his address as a post office box in Dry Branch. The box number was that of Ella Mae Redding. The Sheriff of Twiggs County was acquainted with Ella Mae Redding and he went with the two officers to her mobile home. When they arrived there they saw a parked car which matched the description given by the victim of the car in which he was abducted. The sheriff knocked on the door and Ella Mae Redding came to the door. He told her that he would like to talk to her and she invited him in. The other two officers also went in. The sheriff asked her if Eddie Houser was there. She replied in the affirmative, and the sheriff asked to speak to Houser. When they came into the mobile home they observed a man's coat, and a woman's coat and hat, which matched the description given by the victim of the clothing worn by the robbers. The officers placed Houser and Redding under arrest, advised them of their constitutional rights, and asked if they would consent to a search. Redding asked the officers if they had a warrant, and they advised her that they did not. She told them she would rather that they have a warrant. The sheriff called for a deputy to come, and the

appellants were detained while search warrants were obtained for the mobile home and car, after which a seizure was made of the articles of clothing and other evidence.

The trial judge was authorized to find that the initial entrance of the law officers in the Redding home was not a trespass; that the articles of clothing implicating the appellants in the crimes under investigation were in plain view; and that no search and seizure was made until search warrants were obtained.

These enumerated errors are without merit.

3. Since the searches were not illegal, there is no merit in the contentions that the court erred in allowing evidence obtained during the search.

4. It was not error to overrule the motions to suppress evidence obtained from the search of the appellants' mobile home and car based on the contention that the search warrants were issued upon insufficient showing of probable cause.

5. Enumerated errors 6 and 10 assert that the search warrants employed to search the appellants' mobile home and car were technically deficient in that they failed to state the time of issuance; they did not purport to be warrants of the judicial officer issuing them; the supporting affidavits on which the warrants were issued were not filed with the issuing court following their execution; and the warrants were not executed by a peace officer to whom they were directed. The statutory provisions relied on are Ga. L. 1966, pp. 567, 569 (Code Ann. §§ 27-304, 27-305).

The search warrants stated the date of issuance, but not the time. The evidence showed that the warrants were issued prior to the search and seizure, and the irregularity in omitting the time of issuance would not require the suppression of the evidence seized. *Merritt v. State,* 121 Ga. App. 832 (175 SE2d 890).

The warrants were issued by a justice of the peace. The wording at the top of the warrant, "Twiggs Superior Court," does not support the assertion that they were not the warrants of the judicial officer issuing them.

The record does not indicate that the delay in filing the warrants injured the appellants.

The printed warrant forms were addressed to sheriffs, deputy sheriffs, and constables. The warrants were executed by a Division of Investigation Officer. Any peace officer of the state is authorized to execute search warrants. Code Ann. § 27-305.

"No warrant shall be quashed nor evidence suppressed because of technical irregularity not affecting the substantial rights of the accused." Ga. L. 1966, pp. 567, 571 (Code Ann. § 27-312).

None of the irregularities asserted in these enumerated errors affected the substantial rights of the appellants, and it was not error to refuse to suppress the evidence seized under the warrants.

6. Enumerated errors 14 and 16 assert that the court erred in refusing to sustain the motion to suppress, and allowing in evidence, testimony in regard to the pre-trial identification of the appellants by the victim, because the line-ups were conducted in an unfair manner.

The trial judge was authorized to find from the evidence submitted that the line-ups were fairly conducted. The appellants were represented by counsel at the line-ups.

7. Enumerated errors 11 and 15 assert that the court abused its discretion in refusing to certify for appeal its ruling denying the appellants' motions to suppress evidence obtained by the search warrants and identification testimony.

This court will not review the discretion vested in the trial court in granting or refusing a certificate for immediate review of interlocutory rulings.

8. Under the evidence submitted, there was no abuse of discretion in denying appellants' petition for a change of venue.

9. Enumerated error 18 contends that the court erred in denying the appellants' motion to quash the indictments on the ground that Ga. L. 1967, p. 725 (Code Ann. § 59-112 (d)), which arbitrarily singles out women for a special exemption from jury service, violates Art. I, Sec. I, Pars. III and XXV of the Constitution of Georgia (Code Ann. §§ 2-103, 2-125) and the due process and equal protection clauses of the United States Constitution.

In the recent case of *Maddox v. State,* 233 Ga. 874 (3),

this court considered substantially the same attacks on this statute, and held that it was not unconstitutional.

10. It was not error to deny the appellants' motion to quash the indictments on the ground that the grand jury which indicted the appellants was illegally constituted because the wife of the Sheriff of Houston County was a member of this grand jury.

The sheriff of a county in his official capacity is not a "party interested in the result" of a grand jury investigation. Compare *Ferguson v. State,* 215 Ga. 117 (5a) (109 SE2d 44) (reversed for another reason, Ferguson v. Georgia, 365 U. S. 570).

There is nothing in the present record to indicate that the Sheriff of Houston County had any personal interest in the result of the grand jury's investigation, and his wife was not disqualified to serve on the grand jury. There is no merit in enumerated errors 19 and 20.

11. There is no merit in enumerated error 21 which asserts that it was error for the court to deny the appellants' motion to compel discovery.

There is no law in this state for discovery per se in criminal cases, and an accused has no right to inspect the state's file. The appellants did not request that the court make an in camera inspection of the state's file to determine if there was anything in it favorable to the appellants.

The appellants do not show error within the rulings of Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215). Compare *Payne v. State,* 233 Ga. 294, 296 (210 SE2d 775).

12. Enumerated errors 22 and 23 contend that the court erred in not permitting counsel for the appellants to ask the victim if he had refused to take a polygraph examination, after he had been told that the appellants would stipulate that the results of such an examination would be admissible at the trial. Defense counsel was questioning the victim on cross examination, and stated that he wanted to ask the question for the purpose of impeaching this witness. It was not error for the trial judge to sustain the state's objection to this question. This court has held that the results of a polygraph test are not admissible in evidence. *Salisbury v. State,* 221 Ga. 718 (4)

(146 SE2d 776). See *Stack v. State,* 234 Ga. 19.

The alleged victim of a crime is not required to submit to a polygraph test, and his refusal to submit to such a test could not have the effect of impeaching him "by disproving the facts testified to by him." Code § 38-1802.

13. Enumerated error 24 asserts that the court erred in denying motions for mistrial because of the admission of certain evidence in connection with the arrest of the appellants.

The circumstances connected with the arrest of the appellants were proper matters for submission to the jury. *Clements v. State,* 226 Ga. 66 (1) (172 SE2d 600); *Bridges v. State,* 227 Ga. 24 (3) (178 SE2d 861).

14. Enumerated error 25 complains of the emphasized sentence of the following charge of the court: "Now there has been considerable evidence in this trial relating to the shooting of [the victim] . . . at a location in Peach County. That evidence has been admitted only because it was a part of the overall occurrence alleged by the State, as the shooting itself is not an essential element of either kidnapping or armed robbery. *Therefore, you should not convict either of these defendants because of the shooting alone.* The matter of the shooting and injury to [the victim] . . . is, as you know, the subject of a pending case in Peach County, and these defendants must face that charge in that county regardless of the outcome of this case." It is argued that this was an incorrect statement because the fact of the shooting should not have been considered at all on the question of guilt or innocence of the offenses charged against the appellants.

The shooting of the victim was a relevant circumstance for the consideration of the jury on the robbery and kidnapping charges. The excerpt complained of in the charge, considered in its context, was not erroneous.

15. Enumerated error 26 complains of the denial of the appellants' extraordinary motion for new trial based on the interjection into evidence at the pre-sentence hearing of the fact that Houser had entered a plea of guilty and was given a twelve months sentence on a simple battery charge in 1972.

The evidence on the extraordinary motion was that

Houser was not represented by counsel, and did not waive counsel, when he entered this guilty plea.

The evidence of the conviction was in the form of a question by the state's attorney on cross examination of a witness for the appellant Houser, who had testified that he did not know Houser as a violent man. The state's attorney asked this witness if he was aware of the conviction (as above described), and whether he would have made his statement about Houser's nonviolent tendency if he had known about the conviction. No objection was made to this question at the hearing.

In Loper v. Beto, 405 U. S. 473 (92 SC 1014, 31 LE2d 374), the Supreme Court of the United States held that the use of convictions constitutionally invalid because of the denial of assistance of counsel (as held in Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799, 93 ALR2d 733)), to impeach a defendant's credibility, deprived him of due process of law. This court applied that ruling in *Turner v. Hopper,* 231 Ga. 672 (203 SE2d 481).

In Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530), the rulings in Gideon v. Wainwright, supra, were held to be applicable to misdemeanors in which imprisonment was imposed.

It was error in the present case to bring to the jury's attention the prior unconstitutional conviction of the appellant Houser on cross examination of his character witness. Such error was not waived by failure to object at the hearing. *Hopper v. Thompson,* 232 Ga. 417, 419 (207 SE2d 57).

The trial judge therefore erred in denying the extraordinary motion for new trial as it pertained to the sentence of Houser. It is directed that his sentence be set aside and that a new trial be held on the issue of his punishment.

The sentence of Ella Mae Redding is not affected by this ruling, since she was not injured by the evidence of Houser's conviction. It is obvious that the jury considered the sentences of the two appellants individually as Houser was given more severe sentences than Redding.

*Judgment affirmed as to the convictions and the sentence of Redding; reversed as to the sentence of Houser, with direction. All the Justices concur, except Hill, J., who*

*dissents from Divisions 10 and 14, and Hall, J., who dissents from Division 15.*

SUBMITTED DECEMBER 20, 1974 — DECIDED APRIL 8, 1975 — REHEARING DENIED APRIL 22, 1975.

*George L. Williams, Jr.,* for appellants.
*R. Joneal Lee, District Attorney, Stephen Pace, Arthur K. Bolton, Attorney General, David L. G. King, Jr., Assistant Attorney General,* for appellee.