50953, 50954. KINCAID v. THE STATE (two cases).

STOLZ, Judge.

Defendants, husband and wife, along with others, were indicted on three counts of the unlawful possession of drugs within the purview of the Georgia Controlled Substances Act and one count for the unlawful possession of a dangerous drug. Both were convicted of the three counts which charged the violation of the Controlled Substances Act. Both were sentenced to serve a total of five years each. Motions for new trial were filed and denied, and defendants appeal.

The two defendants, Elizabeth Kincaid and Joseph Kincaid, husband and wife, filed separate motions for new trial, etc., and the posture of the cases is such that the separate appeals may be considered together.

Defendants enumerate error because, as they contend: (a) The trial court erred in overruling their motions for new trial. (b) The trial court erred in overruling their motions for directed verdict. (c) The trial court erred in overruling their motions for mistrial, when on two separate occasions, the state introduced evidence as to other search warrants in which they were involved, but were not convicted.

An Atlanta detective executed a search at the house where defendants resided, and went into the kitchen alone and found a leather-type pouch with drugs inside it and several pills next to it, all being on a table. The two defendants, husband and wife, and three other persons, were in a different part of the house when the drugs were found. All five persons were charged and indicted for possession of illegal drugs. J. S. Edwards, member of the Georgia Bureau of investigation, testified that one of the other three persons present in the house, Michael James Collins, stated to him that the drugs belonged to him, and further that he caught Collins coming out of the bathroom and observed a pill in the commode. At the preliminary hearing Collins testified that the drugs in the pouch belonged to him. Another officer, policeman Veerkamp, testified that he found Collins in the bathroom flushing the toilet and a pill was seen by him in the toilet, and that Collins admitted to him that the drugs belonged to Collins.

State's counsel asked Mrs. Kincaid, defendant, if she was "surprised the police had a warrant," and obviously used this as an excuse for showing there had been other warrants and searches of the same premises (but without the slightest suggestion that any guilt was proven against her or anyone else because of such previous search warrants and searches). Defendants objected con-tinuously and moved for mistrials because of this type of evidence, and in effect, their position was that it was introduced just to smear defendants, without any real basis therefor, even as to showing that any guilt had been

proven during such previous search warrants and searches. All of their objections and motions in this respect were overruled. *Held:*

1. The evidence did not demand an acquittal. The trial judge did not err in denying defendants' motions for a directed verdict of acquittal.

2. The state's counsel asked the defendant, Mrs. Kincaid, if she was "surprised the police had a warrant," and used her affirmative reply to this question as an excuse for showing there had been other warrants and searches of the same premises, but without the slightest suggestion that these previous searches resulted in her or anyone's conviction. The defendants' motions for mistrial were overruled. There was no admonition of state's counsel or other corrective measures taken by the trial court. The state's questioning was highly improper. It had the effect of placing the defendant's character in evidence without her having previously done so causing reversible error. See *Bowen v. State,* 123 Ga. App. 670 (182 SE2d 134) and cits.; *Smith v. State,* 91 Ga. App. 360 (85 SE2d 623) and cits. The trial judge erred in failing to grant defendant's motion for new trial.

*Judgments reversed. Deen, P. J., concurs. Evans, J., concurs specially.*

ARGUED SEPTEMBER 8, 1975 — DECIDED OCTOBER 21, 1975 — REHEARING DENIED NOVEMBER 25, 1975.

*Herbert Shafer, Glenn Zell,* for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Gordon H. Miller, Assistant District Attorneys,* for appellee.

EVANS, Judge, concurring specially.

Defendants, husband and wife, along with others, were indicted on three counts of the unlawful possession of drugs within the purview of the Georgia Controlled Substances Act and one count for the unlawful possession of a dangerous drug. Both were convicted of the three counts which charged the violation of the Controlled Substances Act. Both were sentenced to serve a total of

five years each. Motions for new trial were filed and denied, and defendants appeal.

The two defendants, Elizabeth Kincaid and Joseph Kincaid, husband and wife, filed separate motions for new trial, etc., and the posture of the cases is such that the separate appeals may be considered together.

An Atlanta detective executed a search at the house where defendants resided, and went into the kitchen alone and found a leather-type pouch with drugs inside it and several pills next to it, all being on a table. The two defendants, husband and wife, and three other persons, were in a different part of the house when the drugs were found. All five persons were charged and indicted for possession of illegal drugs. J. S. Edwards, member of Georgia Bureau of Investigation, testified that one of the other three persons present in the house, Michael James Collins, stated to him that the drugs belonged to him, and further that he caught Collins coming out of the bathroom with a pill in the commode. At the preliminary hearing Collins testified that the drugs in the pouch belonged to him. Another officer, policeman Veerkamp, testified that he found Collins in the bathroom flushing the toilet and a pill was seen by him in the toilet, and that Collins admitted to him that the drugs belong to Collins.

State's counsel asked Mrs. Kincaid, defendant, if she was "surprised the police had a warrant," and obviously used this as an excuse for showing there had been other warrants and searches of the same premises, (but without the slightest suggestion that any guilt was proven against her or anyone else because of such previous search warrants and searches). Defendants objected con-. tinuously and moved for mistrials because of this type of evidence, and in effect, their position was that it was introduced just to smear defendants, without any real basis therefor, even as to showing that any guilt had been proven because of such previous search warrants and searches. All of their objections and motions in this respect were overruled.

It was not shown that the pouch in the kitchen was within view of defendants immediately prior to and at the time of the discovery thereof by the GBI Agent Edwards. Mrs. Kincaid later walked into the kitchen and inquired

as to what was going on.

1. Where contraband is found in a house, it is presumed that such contraband was possessed by the head of the household. *Thomas v. State,* 99 Ga. App. 25 (1) (107 SE2d 687). This, however, is a rebuttable presumption.

2. Defendants contend that since three other persons had equal opportunity to commit the crime and as the evidence pointed equally to the three other parties, the court should have granted their motions for directed verdict of acquittal. The mere presence in the house where police found drugs will not support a verdict of guilty. *Sweat v. State,* 119 Ga. App. 646 (168 SE2d 654); *Latimer v. State,* 134 Ga. App. 372 (2), 373 (214 SE2d 390). And in this case, one of the three, Collins, admitted the drugs were his and was caught in the act while flushing pills down the toilet.

3. It has been held that even the presumption of law that contraband found in a dwelling belongs to the head of household is not sufficient to support a verdict of guilty where the defendant's occupancy is maintained by him and his family jointly with others. Mrs. Kincaid testified the other three resided with them and "pitched in and helped" with expenses. *Harper v. State,* 85 Ga. App. 252, 255 (69 SE2d 102); *Brown v. State,* 94 Ga. App. 542 (95 SE2d 302); *Russell v. State,* 132 Ga. App. 35, 36 (1) (207 SE2d 619); *Blankenship v. State,* 135 Ga. App. 482 (218 SE2d 157).

4. In my opinion, the evidence demanded a verdict of acquittal, and the court erred in refusing to direct the verdict pursuant to Code Ann. § 27-1802. While the writer is of the opinion that the language of Code Ann. § 27-1802 is meant to be directory in that the court *may* direct the verdict of acquittal, and that it is not mandatory (*Feldschneider v. State,* 127 Ga. App. 745, 746 (195 SE2d 184)), yet other divisions of this court *and the Supreme Court* hold same to be mandatory. See in this connection, *Stynchcombe v. Hardy,* 228 Ga. 130, 132 (184 SE2d 356); *Merino v. State,* 230 Ga. 604 (1), 605 (198 SE2d 311). The court erred in denying the motion for directed verdict. Right or wrong, we are bound by the decisions of the Supreme Court of Georgia.

5. In this case, Collins' testimony and statements in the presence of the officers of law leave it beyond doubt that the illegal drugs belonged to him. No evidence was produced to show that either of the Kincaids had anything to do with it or knew it was present; nor that they were in position to even see the pouch on the table when the officer came in and found it in a different room of the house from where the Kincaids were at the time.

6. I concur fully in Division 2 of the majority opinion that the court erred in placing the defendant's character in evidence without her having previously done so. I do not agree with Division 1 that the evidence did not demand an acquittal. In my opinion, as stated in Divisions 1 through 5, a judgment of acquittal was demanded and the case should not be remanded for a new trial only, but should be reversed with direction that the court enter a judgment of acquittal.