## 52477. McCLOUD v. THE STATE.

McMurray, Judge.

Defendant was convicted of the possession of heroin and sentenced to serve a term of four years. Motion for new trial was denied, and defendant appeals. *Held:*

The sole enumeration of error is that the conviction was based on circumstantial evidence and did not exclude every other reasonable hypothesis save the guilt of the accused. A search warrant was executed to search a certain house in the City of Atlanta where defendant was present. One of the police officers heard a toilet flush and saw defendant run out of the bathroom. This officer was able to retrieve from the commode a cellophane bag containing a white powder, later analyzed as heroin, despite the defendant's efforts to obstruct him in trying to go into the bathroom. No one else was in the vicinity of the bathroom when this occurred. While mere presence in the house where police found drugs will not support a verdict of guilty (*Kincaid v. State,* 136 Ga. App. 732 (222 SE2d 47); *Sweat v. State,* 119 Ga. App. 646 (168 SE2d 654); *Latimer v. State,* 134 Ga. App. 372 (2) (214 SE2d 390)), the evidence here showed an attempt to flush the bag of heroin down the commode and to prevent the officer from reaching it before it disappeared. This is sufficient evidence to convict this defendant of possession of the heroin in this instance. This case is somewhat similar to *Taylor v. State,* 138 Ga. App. 95 (225 SE2d 508) and *Westbrook v. State,* 138 Ga. App. 419. The court did not err in denying the motion for directed verdict of acquittal, and there is no merit in any of the general grounds of the motion for new trial.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

ARGUED JULY 7, 1976 — DECIDED JULY 16, 1976.

*Joseph M. Salome, Robert S. Windholz,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet,*

*Carole E. Wall, Assistant District Attorneys,* for appellee.