THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* PAULA TRANTHAM *et al.*, Defendants-Appellees.

Third District   No. 77-112

Opinion filed December 30, 1977.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Linda M. Vodar, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal by the State of Illinois is from the order of the circuit court of Peoria County granting the motion to suppress evidence of defendants Paula Trantham and Thomas Trantham and dismissing the cause against them.

On October 20, 1976, defendants, Thomas and Paula Trantham, were charged with the offenses of unlawful possession of cannabis and unlawful possession of a hypodermic needle and syringe. Defendants filed a motion to suppress evidence seized by the police during a search of the Trantham's apartment pursuant to a warrant. After a hearing, defendants' motion was granted and the State appealed.

Defendants and the State stipulated to many of the facts. Officers of the Peoria Police Department had defendants' apartment under surveillance and a police officer and police attorney prepared and took them to the home of a local judge for signature. The judge signed the warrant which initially authorized the search of apartment No. 9 at 721 N.E. Madison. Upon returning to the scene the officers discovered the apartment which they had been observing was in fact apartment No. 2. The same officer who had prepared the affidavit and search warrant then telephoned the same judge asking for his instructions regarding the error in the warrant. Subsequent to the conversation with the judge and pursuant to his instructions, the search warrant was altered at the scene by the same police officer and initialled by the same police attorney to reflect that apartment No. 2 rather than apartment No. 9 was to be searched. At no time did the defendants give the police or anyone else permission to search their persons or premises. The only factual matter in dispute at the hearing was whether the search warrant was altered before or after its execution. There is sufficient evidence that the change did take place before the search. The error in the description was apparently the result

of a typographical error in the affidavit. The correct number of the apartment which the police intended to search was No. 2 instead of No. 9.

The court heard arguments concerning the validity of the warrant and stated that the apartment number was critical in this situation since the names of the defendants were not contained in the warrant or affidavit for the warrant. The judge believed he could not say whether or not the right apartment had been searched. The court found the procedure followed in the case was improper and was not a technical irregularity as referred to in section 108—14 of the Code of Criminal Procedure of 1963 which reads as follows:

> "No warrant quashed for Technicality. No warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused." Ill. Rev. Stat. 1975, ch. 38, par. 108—14.

■■ The State argued the description of the premises in the warrant is sufficient if it allows an officer with reasonable effort to identify the place to be searched. (*People v. Watson*, 26 Ill. 2d 203, 186 N.E.2d 326.) They note that after the warrant in the instant case was corrected the officers were able to identify the proper place to be searched. The State concedes there are no Illinois cases involving a telephonically approved alteration of a warrant, but do cite several cases involving warrants which contained inaccuracies regarding the specific premises to be searched, wherein the court upheld the search of the intended premises. The defendants cite some of the same cases cited by the State for the defendants' position that the test in Illinois appears to be whether, under the totality of the circumstances, only one place could be designated from the warrant description as the correct premises to be searched. *People v. Mecca*, 132 Ill. App. 2d 612, 270 N.E.2d 456; *People v. Watson*, 26 Ill. 2d 203, 186 N.E.2d 326; *People v. Curry*, 56 Ill. 2d 162, 306 N.E.2d 292 and *People v. Smith*, 20 Ill. 2d 345, 169 N.E.2d 777.

■■ Applying the totality of the circumstances test as applied in the above cited cases, we cannot hold that the correct address as contained in the warrant in the instant case designating the wrong apartment to be searched would bring it within the application of the rule. In other words, if the police had merely noted that the warrant description was incorrect and had proceeded to search the intended apartment rather than the apartment stated in the warrant, we would have to hold as a matter of law that the warrant would have to be quashed. However, in the instant case we have the added material circumstances of having the police officer who had sworn to the affidavit supporting the search warrant telephone the judge who had authorized the warrant, request instructions regarding the variance and subsequently, pursuant to the judge's instructions, have

the police advisory attorney initial the warrant after it was altered to reflect the intended apartment number. There are no cited Illinois cases that hold and approve a telephonically approved alteration in the warrant. There is no doubt the better practice would have been to drive back to the judge's home and request him to issue a properly worded warrant. However, since the better practice was not followed, we must decide the legal issue as to whether the alteration in the warrant telephonically approved under the circumstances of this case is proper.

■■ The State points out that in other jurisdictions it is permissible for a police officer to give an affidavit by telephone to a judge and for the judge to authorize by phone the officer to affix the judge's name to a written warrant. (California Penal Code §1523 *et seq.*(Deering 1971); *Bowyer v. Superior Court* (1974), 37 Cal. App. 3d 151, 111 Cal. Rptr. 628.) This would not be acceptable practice in Illinois since our statutes require otherwise, but the fact that other jurisdictions authorize considerably more latitude in permitting nonwritten procedures demonstrates that no fundamental unfairness is involved in such a procedure. In the instant case the actual apartment number on the warrant would be crucial in executing the warrant as originally worded. We find that no harm was committed to the defendants under the specific circumstances of this case other than the obvious legal detriment to them in being caught with contraband. We find here the procedure followed is within the constitutional directive that "* * * No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized." Ill. Const. 1970, art. I, §6.

For the foregoing reasons the judgment of the circuit court of Peoria County is reversed and remanded with directions to proceed in a manner consistent with this opinion.

Reversed and remanded with directions.

ALLOY and BARRY, JJ., concur.