20824

The STATE, Respondent, v. William WORKMAN, Appellant.
(249 S. E. (2d) 779)

*Thomas W. Greene* and *Jerry L. Taylor,* Greenville, *for appellant.*

*Atty. Gen., Daniel R. McLeod* and *Asst. Atty. Gen., Brian P. Gibbes* and *Staff Atty., Buford S. Mabry, Jr.,* Columbia, and *Sol., William W. Wilkins, Jr.,* Greenville, *for respondent.*

November 29, 1978.

*Per Curiam:*

Appellant Workman was convicted of possession of heroin, cocaine and marijuana and sentenced to four (4) years and three (3) months. He appealed to this Court on the basis that the trial judge refused to grant a motion to suppress evidence seized under a search warrant which was amended by sworn oral communication prior to execution. We affirm.

On June 3, 1977, police officers obtained a search warrant for apartment K-5 Alladin Manor, naming William Workman as an occupant. Although a reliable informant had given the officers a specific description of the premises, and the description was related to the magistrate, that description was not stated in the affidavit nor the warrant.

Before executing the warrant, the officer discovered the correct apartment number was K-6. He immediately telephoned the issuing magistrate to relate the new information, and upon taking an oath, received permission to amend the apartment number to K-6.

The issue is whether a search warrant can be validly amended prior to execution by sworn oral communication to the issuing magistrate. The question has never arisen in South Carolina and conflicting cases exist in other jurisdictions. For example, in *State v. Lee,* 247 La. 553, 172 So. (2d) 680 (1965), the Supreme Court of Louisiana held that no one except a judicial officer could alter a search warrant.

However, the Federal Rules of Criminal Procedure, 18 U.S.C.A. 41(c)(2)(A) and (B), recognize the validity of oral communication in both issuing and amending search warrants. In *People v. Trantham,* 55 Ill. App. (3d) 720, 13 Ill. Dec. 512, 514, 371 N. E. (2d) 207, 209 (1977) the Appellate Court of Illinois, upholding the admissibility of evidence seized under an orally amended warrant, noted: "the fact that other jurisdictions authorize considerably more latitude in permitting non-written procedures demonstrates that no fundamental unfairness is involved in such a procedure." South Carolina Code § 17-13-140 (1976) provides warrants shall issue only upon affidavit "sworn to before the magistrate." Because the orginal warrant was thus procured, the telephone call relating new information under oath, followed by the issuing magistrate's permission to amend the apartment number, substantially complied with South Carolina statutes. The warrant, as amended, described the premises to be searched with sufficient particularity to satisfy constitutional and statutory requirements.

The other exceptions raised by appellant are without merit, and accordingly we dismiss them pursuant to Rule 23 of the Rules of Practice of this Court.