## 59141. THE STATE v. SANDERS.

BANKE, Judge.

The state appeals from an order of the trial court sustaining the defendant's motion to suppress evidence seized upon a search warrant.

The subject search warrant was sworn to and issued at 4:00 p.m. on March 13, 1979. The affidavit in support of the warrant recited that the law enforcement officer had received information from a reliable informant that certain illegal drugs were being used and kept by Sanders in "Room 327" of a particular Atlanta hotel. The affidavit further recited that the officer's independent investigation revealed that Sanders was currently occupying said hotel room. While preparing to execute the warrant at approximately 4:00 a.m. on March 14, 1979, the officer discovered from the hotel clerk that Sanders was not in Room 327 as alleged, but in Room 337. Upon this

discovery, the officer telephoned the judge who had issued the warrant. The judge instructed the officer to make and initial the room number change on the face of the warrant and proceed with the search.

"A premises description is sufficient if on its face it enables a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty." *Garner v. State,* 124 Ga. App. 33, 35 (182 SE2d 902) (1971). It is clear beyond argument that the warrant should not leave the place to be searched to the discretion of the officer. And, "[w]here the name of the owner or the occupant is not given, the description of the premises must be exact." *Garner v. State,* supra, at 35. In the case before us both the affidavit and the warrant recited probable cause to believe drugs would be found on the person of the named defendant and on the premises under his possession, custody, and control, namely room 327, Tower Place Hotel. The search of room 337 of that hotel constituted a reasonable search under the warrant, without amendment, upon the discovery before its execution that the defendant was registered in room 337.

The actions of the officer in phoning the issuing magistrate and obtaining authorization to make the correction were reasonable and proper. Under identical facts, the Appellate Court of Illinois concluded that an amendment was appropriate where the officer who provided the original affidavit obtained authority to amend after a phone conversation with the magistrate who issued the original warrant. See People v. Trantham, 55 Ill. App. 3d 720 (371 NE2d 207) (1977). See also State v. Workman (249 SE2d 779) (S.C. 1978). In this case, a relatively brief interval of time elapsed between the issuance of the original warrant and the phone conversation with the magistrate. The amendment of the warrant was reasonable under the particular facts presented in this case. By no means do we imply that this opinion sanctions or encourages sloppy police work or permits subsequent completion of a search warrant by the officer after he has been placed under oath. Each case must be examined under the facts presented.

The law proscribes only *unreasonable* searches and seizures and prohibits the use of evidence seized as a result of lawless police activity. See Abel v. United States, 362 U. S. 217 (80 SC 683, 4 LE2d 668) (1959). In the case before us, when the police officer discovered the single digit error in the room number before the search began, he did precisely what a reasonable, prudent, and rational police officer should have done in the circumstances.

*Judgment reversed. Deen, C. J., Quillian, P. J., Shulman, Birdsong, Carley and Sognier, JJ., concur. McMurray, P. J., and Smith, J., dissent.*

ARGUED JANUARY 16, 1980 — DECIDED JULY 14, 1980 —

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wallace Speed, Assistant District Attorneys, for appellant.
Glenn Zell, for appellee.

SMITH, Judge, dissenting.

I reject the majority's conclusion that the arresting officer could amend the warrant in the instant case by receiving permission to do so over the telephone from the issuing magistrate. I respectfully dissent.

There is no doubt that, under the facts of this case, appellee's hotel room could not be lawfully searched without a valid warrant. See Coolidge v. New Hampshire, 403 U. S. 443, 454-455 (91 SC 2022, 29 LE2d 564) (1971); Love v. State, 144 Ga. App. 728, 731-732 (242 SE2d 278) (1978). The validity of the search is dependent upon the validity of the warrant.

The majority correctly points out that "[a] premises description is sufficient if on its face it enables a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty." Garner v. State, 124 Ga. App. 33, 35 (182 SE2d 902) (1971). The warrant issued by the magistrate in this case met this requirement. The warrant specifically described Room 327 of the Tower Place Hotel, 3340 Peachtree Road, N. E. Atlanta, Georgia. The warrant did not specifically describe Room 337 of the hotel.

The officer who appeared before the magistrate was clearly mistaken as to the room in which appellant was located. The officer swore under oath that the room he wanted to search was "Room 327." The "Affidavit for Search Warrant" states that "[a]ffiant's independent investigation reveals that Art Sanders, Jr. is currently occupying said hotel room." Furthermore, it was stipulated that, subsequent to the issuance of the warrant, the officer discovered the correct hotel room by asking the hotel clerk for Arthur Sander's room number. The uncontroverted evidence establishes that the mistaken room number was not a mere "technical irregularity." Code § 27-312; Houser v. State, 234 Ga. 209, 211, 212 (214 SE2d 893) (1975); Latimer v. State, 134 Ga. App. 372, 373 (214 SE2d 390) (1975). Clearly, under the "any evidence" rule which this court has so eagerly applied in countless other cases, the trial court was authorized to reach this conclusion.

"As to a search warrant, 'It is enough if the description sufficiently permits a prudent officer with a search warrant to be able

to locate the person and place definitely and with reasonable certainty.' *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585). See *Steele v. State,* 118 Ga. App. 433, 434 (164 SE2d 255). 'Where the premises sought to be searched are described by street and number, such a description will not authorize a search of premises of another street or number.' 79 CJS 886, 894, Searches and Seizures, § 81." *Bell v. State,* 124 Ga. App. 139, 140 (182 SE2d 901) (1971). Thus, the validity of the search in the instant case was valid only if the amendment to the warrant was valid. In my view, it was not.

When the warrant was issued, the police did not have probable cause to search Room 337. Probable cause arose only after the police arrived at the hotel and discovered the correct room number. The question presented in this case is whether probable cause to search Room 337 could be supplied to the magistrate over the telephone, subsequent to the issuance of the warrant, but prior to the search.

Code § 27-303 provides: "Upon the written complaint of any officer of the State or its political subdivisions charged with the duty of enforcing the criminal laws under oath or affirmation which states facts sufficient to show probable cause that a crime is being committed, or has been committed, and which particularly describes the place or person, or both, to be searched and things to be seized, any judicial officer authorized to hold a court of inquiry to examine into an arrest of an offender against the penal laws, herein referred to as "judicial officer," may issue a search warrant . . ." Under this provision, "probable cause may be established not only by the contents of the affidavit but also by sworn oral testimony given the magistrate . . ." *Simmons v. State,* 233 Ga. 429, 431 (211 SE2d 725) (1975). Until today's decision, "[a]s against the attack that there was no showing of probable cause [,] *the question must be determined as of the time the warrant issued . . .*"[1] (Emphasis supplied.) *Wood v. State,* 118 Ga. App. 477, 478 (164 SE2d 233) (1968). See State v. Lee, 247 La. 553 (172 S2d 678) (1965). Although the majority states, "By no means do we imply that this opinion . . . permits subsequent completion of a search warrant by the officer after he has been placed under oath," this is precisely the effect of the majority opinion.

Moreover, even assuming that Code § 27-303 can somehow be judicially rewritten so as to permit a warrant to be amended by telephone, the state admits that, in this case, the statements made by the police officer over the telephone were not "under oath" as specifically required by Code § 27-303. Compare State v. Workman,

---

[1] This principle is so well settled that the search warrant and affidavit in this case, both printed forms, state that the affiant appeared "before" the issuing magistrate.

249 SE2d 779 (S.C. 1978).[2] The state has therefore failed to establish that the issuing magistrate had ever been presented with "facts [under oath or affirmation] sufficient to show probable cause" to search Room 337.

In permitting the search warrant in this case to be amended by telephone, the majority goes beyond the clear intent of Code § 27-303. Code § 27-303 does not provide for the amendment of a search warrant outside the presence of the issuing magistrate. In upholding the search of Room 337 despite the fact that the issuing magistrate had not been presented with *sworn* testimony establishing probable cause to search Room 337, the majority loses sight of an express statutory command.

The purpose of this dissent is not to express an opinion on the merits of issuing or amending warrants "based upon sworn oral testimony communicated by telephone or other appropriate means." Federal Rules of Criminal Procedure, Rule 41 (c) (2) (A). Rather, it is to express my view that such a procedure, especially as followed in this case, is not authorized under Georgia law as it is presently written. Whether such a procedure should be adopted after consideration of appropriate safeguards is, in my view, a matter for the legislature. Under existing law, however, the warrant in this case was invalid and the search based thereon was therefore illegal. Code § 27-313 (a) (2). The trial court's ruling on the motion to suppress was eminently correct and should not be disturbed.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

---

[2] In Workman, supra, the South Carolina Supreme Court held that under South Carolina Code § 17-13-140 (1976), a search warrant can be validly amended prior to execution by sworn oral communication. In Workman, supra, the magistrate placed the police officer under oath at the time of the telephone communication. In the instant case, this procedure was not followed. Nor can it be said that the officer was under a "continuing oath" when he contacted the magistrate by telephone. The proceeding which culminated in the issuance of the warrant had been concluded. See *Goggins v. State,* 130 Ga. App. 518 (203 SE2d 767) (1974). The Supreme Court of South Carolina apparently adopted this view in Workman, supra, as the court laid great stress on the fact that the police officer was again placed under oath at the time of the telephone communication.