## 63983. COOK v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was tried on three separate indictments, two for selling marijuana and one for possession of marijuana. As to the sales of marijuana, he pleaded entrapment. The jury returned verdicts of not guilty as to the sales, but guilty as to the possession charge. He was sentenced to serve three years in the penitentiary. Defendant's motion for new trial, as amended, was overruled, and he appeals. *Held:*

1. We are concerned here only with the evidence of possession of marijuana. The state's evidence shows agents of the Georgia Bureau of Investigation found some 31 marijuana plants growing at the defendant's residence, together with a quantity of marijuana leaves found drying in a pan. The suspected marijuana was transported to the crime laboratory and there an expert examined same, weighed it, and determined same was marijuana, that is, four pounds eight ounces gross weight as to one quantity and one pound gross weight as to the other.

In this appeal we note that defendant is represented by counsel different from his trial counsel.

The first and third enumerations of error complain that the trial court erred in failing to charge the jury they must find the marijuana to weigh more than one ounce or one ounce or less if the jury found the defendant guilty of possession; and in failing to charge the definition of marijuana when the defendant contended the plants were not marijuana. At the end of the charge counsel for defendant was asked by the court as to whether he had any exceptions to the charge. His reply was "No, sir, no objection to the charge. I believe the Court gave

our charges." In replying in this manner defense counsel has waived any objection to the charge. See *White v. State,* 243 Ga. 250, 251 (253 SE2d 694); *Hill v. State,* 246 Ga. 402, 408 (271 SE2d 802). These enumerations of error are not meritorious.

2. The remaining enumerations of error are that the court erred in sentencing the defendant for a felony when no evidence was presented establishing the net weight of the marijuana and in failing to direct a verdict of acquittal as the state failed to identify the marijuana tested and introduced as having actually come from the defendant.

The evidence disclosed that the leaves of the plants were removed and weighed. The forensic chemist testified that he was given two brown paper bags containing numerous plants and leafy materials which he tested and found to be positive for marijuana. The first item contained four pounds eight ounces and the second one pound, both by gross weight. The evidence as to weight and substance was admitted without objection, and defense counsel was given an opportunity to cross-examine, in which instance he could have made a determination as to whether the gross weight contained stems or any substance other than the leaves, or to otherwise show the marijuana was less than one ounce. See Code Ann. § 79A-9917 (Ga. L. 1971, p. 271; 1973, p. 688; 1974, pp. 221, 266; 1976, pp. 1083, 1084). Further, the defendant admitted growing the plants and was drying out the leaves found in the pan merely contending it "wasn't no good." The evidence authorized the court to sentence the defendant for a felony. See *Coffey v. State,* 141 Ga. App. 254 (233 SE2d 243); *Latimer v. State,* 134 Ga. App. 372, 374 (214 SE2d 390); *Stinnett v. State,* 132 Ga. App. 261, 262 (208 SE2d 16). A rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of the guilt of defendant beyond a reasonable doubt of the offense of possession of marijuana of more than one ounce, a felony. *Drake v. State,* 245 Ga. 798, 799 (267 SE2d 237); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628). These enumerations of error are not meritorious.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JUNE 18, 1982 —
REHEARING DENIED JULY 15, 1982.

*Christopher A. Townley,* for appellant.
*David L. Lomenick, Jr.,* District Attorney, *Ronald L. Enloe, Jr.,* Assistant District Attorney, for appellee.