## 71319. GOLDEN v. THE STATE.
(341 SE2d 480)

POPE, Judge.

Golden appeals a sentence imposed on June 13, 1985, upon remand to the Bibb County Superior Court by the Eleventh Circuit Court of Appeals. For the factual and procedural history of this case, see *Golden v. Newsome*, 755 F2d 1478 (11th Cir. 1985), and *Golden v. State*, 145 Ga. App. 36 (243 SE2d 303) (1978).

Appellant's sole contention in this appeal is that a prior 1963 conviction which did not show on its face that he was represented by counsel at trial was considered by the judge at the resentencing hearing, thereby requiring still another sentencing. We do not agree. Appellant was being resentenced for a 1977 felony conviction on which he was originally sentenced to serve seven years. Pursuant to OCGA § 17-10-2 the State introduced four prior convictions in aggravation of punishment. Two of these convictions, including the one objected to here, occurred prior to 1977 and were introduced at the original sentencing. The other two occurred subsequent to 1977. Defense counsel objected to introduction of the pre-1977 convictions to "buttress the sentence, to enhance it further," but conceded their relevance "if the sentence remains the same or is lowered." Appellant was resentenced to serve seven years on the 1977 conviction and no further objection was raised.

Contrary to appellant's argument, waiver can result from the failure to object to the consideration of convictions not shown to have been attended by counsel. See *McKisic v. State*, 238 Ga. 644 (5) (234 SE2d 908) (1977); *Wills v. State*, 169 Ga. App. 260 (5) (312 SE2d 367) (1983); *Fowler v. State*, 159 Ga. App. 496 (283 SE2d 710) (1981).

Cases such as *Houser v. State*, 234 Ga. 209 (15) (214 SE2d 893) (1975), and *Hopper v. Thompson*, 232 Ga. 417 (207 SE2d 57) (1974), holding otherwise, were controlled by the statute then in effect (Ga. L. 1970, pp. 949, 950; Code Ann. § 27-2534) under which the jury, not the judge, imposed sentence in non-capital felonies. See also *Copeland v. State*, 160 Ga. App. 786 (12) (287 SE2d 120) (1981), expressly overruling the statement in *Wells v. State*, 151 Ga. App. 416 (7) (260 SE2d 374) (1979), that no objection is necessary to trigger appellate review of the sentencing phase of a trial. It is clear that the contested 1963 conviction was not used by the trial judge to increase the length of the sentence appealed from since it is the same as the original sentence imposed in 1977, and having conceded the propriety of considering the conviction in precisely such a situation, appellant cannot now contend that any prejudice resulted.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 10, 1986.

*Sandra J. Popson*, for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.