THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SHELLEY A. TAYLOR *et al.*, Defendants-Appellees.

Third District   Nos. 3—89—0186 through 3—89—0192 cons.

Opinion filed June 13, 1990.

Greg McClintock, State's Attorney, of Monmouth (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Frank W. Ralph, of State Appellate Defender's Office, of Ottawa, for appellees Shelley A. Taylor, Randy Buster, and Roger G. Burk.

Warren T. McNeill, of Monmouth, for appellees Richard Osborne, John Osborne, Mark J. Buster, and Roger D. Trego.

JUSTICE BARRY delivered the opinion of the court:

The People of the State of Illinois appeal from orders suppressing evidence seized pursuant to a search warrant in seven criminal causes arising out of a drinking party attended by several persons under the age of 21 years. The causes have been consolidated upon appeal.

The facts are not disputed. According to the report of proceedings, at 2:30 a.m. on Saturday, December 24, 1988, the State's Attorney of Warren County and a Monmouth police officer prepared a complaint for search warrant for a Monmouth address. The State's Attorney was unable to locate either one of the two judges who resided in Monmouth. At 4:10 a.m. he contacted Judge Stephen G. Evans by telephone at his home in Henderson County some 15 to 20 miles away.

During the telephone conversation, the State's Attorney read the complaint for search warrant to Judge Evans, and the judge authorized the State's Attorney to have the complaint sworn to before him as an elected public official and to issue the search warrant. The judge stated that he would sign the warrant later that day when he was in court.

The warrant was served, and defendants were arrested after a quantity of beer and empty beer containers were seized pursuant to the warrant. At 11 a.m. the morning of December 24, 1988, Judge Evans signed the warrant and indicated on it that he had orally authorized it at 4:13 a.m. that day.

At the hearing on the motion to suppress, the parties stipulated to these facts and also that Judge Evans was a detached and neutral magistrate and that Officer Dave Fullerton was acting in a good-faith belief that the warrant was valid when he conducted the search.

Following the hearing, Judge Harry C. Bulkeley ruled that the search warrant was invalid for failure to state the time and date of issuance and failure to be warrants of the judge and not the court, all as required by section 108—4 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 108—4). The order included express findings that the law enforcement officers acted in good faith in executing the search warrant and that no defects were found in the complaint or in the probable cause for its issuance. An additional finding stated that the good-faith exception to the exclusionary rule, based on *United States v. Leon* (1984), 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405, was not applicable.

On appeal the State contends (1) that the omission of the time, the date, and the judge's signature from the written search warrant were the omission of ministerial tasks not essential to the validity of

the warrant and (2) that the good-faith exception recognized in *United States v. Leon* should apply in this case.

The State initially argues that this was not "an oral search warrant" but a written search warrant issued orally after a finding of probable cause and subsequently executed in writing. In support of its argument, the State cites and analyzes cases from other jurisdictions that have approved the telephonic authorization for the issuance of search warrants. *E.g., Minnesota v. Andries* (Minn. 1980), 297 N.W.2d 124; *New Jersey v. Valencia* (1983), 93 N.J. 126, 459 A.2d 1149.

No Illinois cases have decided the precise issue presented by this appeal. However, this court has considered a related issue in *People v. Trantham* (1977), 55 Ill. App. 3d 720, 371 N.E.2d 207, where a search warrant authorizing Peoria police officers to search apartment No. 9 at 721 N.E. Madison was subsequently altered by telephone by the issuing judge when it was discovered that the apartment intended was No. 2, not No. 9. Observing that the better practice would have been to return to the judge for a properly worded warrant, we nonetheless held that the procedure followed did not invalidate the search. In reaching that result, Justice Stouder, writing for the majority, stated:

"[I]n other jurisdictions it is permissible for a police officer to give an affidavit by telephone to a judge and for the judge to authorize by phone the officer to affix the judge's name to a written warrant. [Citation.] This would not be acceptable practice in Illinois since our statutes require otherwise ***." 55 Ill. App. 3d at 723, 371 N.E.2d at 209.

Section 108—3 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 108—3) authorizes a judge to issue a search warrant "upon the written complaint of any person under oath or affirmation which states facts sufficient to show probable cause and which particularly describe the place or person, or both, to be searched and the things to be seized." Section 108—4 of the Code requires all warrants to "state the time and date of issuance and be the warrants of the judge issuing the same and not the warrants of the court in which he is then sitting and such warrants need not bear the seal of the court or clerk thereof." Ill. Rev. Stat. 1987, ch. 38, par. 108—4.

■ Although the Illinois statute does not expressly require the signature of the judge on the warrant, it does require the time and date of issuance, and it further requires that any warrant be the warrant of the issuing judge. We do not agree that the time, date, and judicial signature are "ministerial acts" or mere technicalities that

can be omitted without invalidating the search warrant. The search warrant served upon defendant Taylor at her residence had no date or time of issuance and no judge's signature. Citizens should not be expected to accept such an incomplete document as authority for the police to search their homes and seize their possessions.

Unlike the procedures used in Minnesota and New Jersey, the procedure used in the case at bar contained no safeguards for the rights of the persons named in the search warrant. No record was made of the telephone conversation, and no grave exigency was established. Furthermore, the judge issuing the warrant had no means of ascertaining whether the complaint was in fact in writing and under oath, as was represented to him over the telephone.

The Illinois statute plainly imposes upon the issuing judge an obligation to make a determination of probable cause based upon the sufficiency of the facts stated by the complainant. In some cases, the credibility of the complainant is in question, while in others the sufficiency of probable cause is in doubt. In the case before us, the telephonic conversation as reported in the record was not a proper means of exercising judicial authority to issue a search warrant pursuant to the statute.

■ The statutory language is sufficiently clear and unambiguous to invoke the rule that, in such cases, courts will not read into the statutes exceptions, limitations, and conditions. (*People v. Goins* (1988), 119 Ill. 2d 259, 518 N.E.2d 1014; *Helland v. Larson* (1985), 138 Ill. App. 3d 1, 485 N.E.2d 457.) We decline to read into the search warrant statute authorization for long distance factual findings by telephone and for oral issuance of a warrant without the date, time, or judge's signature.

The State also contends that, even if the search warrant was invalid, the evidence should not have been suppressed. It is urged that Illinois follow *United States v. Leon* (1984), 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405, in recognizing a good-faith exception to the exclusionary rule. In that case, the Supreme Court held that evidence seized in violation of the fourth amendment should not be suppressed where the evidence was obtained by officers acting in reasonable reliance upon a search warrant issued by a detached and neutral magistrate. The Supreme Court discussed the fact that exclusion of evidence where the warrant was facially valid but technically defective would not serve as a deterrence to improper law enforcement activity.

In the case at bar, the search warrant was invalid because of the failure of the magistrate and the law enforcement officials to comply with the requirements of the Code of Criminal Procedure of 1963, not

for violation of fourth amendment rights. As we stated above, we decline to create an exception to Illinois statutes which are not ambiguous.

■ The Illinois legislature has specifically provided a "good-faith" exception to the exclusionary rule in section 114—12 of the Code of Criminal Procedure of 1963, and in doing so, has defined "good faith" as follows:

> "(2) 'Good faith' means whenever a peace officer obtains evidence:
>
> (i) pursuant to a search or an arrest warrant obtained from a neutral and detached judge, which warrant is free from obvious defects other than non-deliberate errors in preparation and contains no material misrepresentation by any agent of the State, and the officer reasonably believed the warrant to be valid."

(Ill. Rev. Stat. 1987, ch. 38, par. 114—12(b)(2).)

Here, we hold that the absence of a date, time, and judicial signature was an "obvious defect" within the meaning of the statute above quoted. The parties' stipulation that the police officer acted in a good-faith belief that the warrant was valid did not cure the "obvious defects" so as to bring this case within the exclusionary exception of section 114—12 of the Code. Similarly, the obvious omissions from the warrant prevent it from being "facially valid" so as to come within the good-faith exception created by *United States v. Leon.*

For the reasons stated, we affirm the order of the circuit court of Warren County granting defendants' motions to suppress the illegally seized evidence.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.