870 P.2d 122

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Reynaldo ORTEGA, Defendant–Petitioner.**

**No. 20493.**

Supreme Court of New Mexico.

Feb. 2, 1994.

Sammy J. Quintana, Chief Public Defender, Susan Roth, Asst. Appellate Defender, Santa Fe, for petitioner.

Tom Udall, Atty. Gen., Max Shepard, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

RANSOM, Chief Justice.

Reynaldo Ortega was convicted of illegal possession of heroin with intent to distribute under NMSA 1978, Section 30–31–20(A)(3) (Repl.Pamp.1989). Ortega appealed his conviction to the Court of Appeals raising several issues, among which was whether exigent circumstances justified an officer's unannounced entry into Ortega's residence to execute a search warrant. The Court of Appeals found that exigent circumstances did justify the unannounced entry but reversed the conviction and remanded for a new trial because the search warrant was overbroad. *State v. Ortega*, 114 N.M. 193, 836 P.2d 639 (Ct.App.1992). We granted Ortega's petition for a writ of certiorari to address the issue of exigent circumstances. We agree with the Court of Appeals that there were exigent circumstances justifying the unannounced entry, and we affirm.

*Facts.* Some time prior to December 20, 1989, Officer Luis Lara received information from a confidential informant that Robert Jimenez was selling heroin out of his home. The informant told Officer Lara that Ortega, who was residing with Jimenez, was supplying Jimenez with the heroin and that the evidence would be destroyed if the occupants of the house knew that the police were coming. Officer Lara verified this information

through other informants and secured a search warrant. The search warrant authorized an unannounced entry into Ortega's residence.

At approximately 4:30 p.m. on December 20, Officer Lara and five to seven other officers went to the Jimenez residence to execute the search warrant. When they reached the house, they noticed several young children playing in the front yard. Lara testified at a suppression hearing that when the children noticed the police officers they started yelling "Cops! Cops!" and screaming. One child ran toward the front door of the house yelling "Cops! Cops!"

Officer Lara followed the child toward the house. The child opened the screen door (the front door was already open) and ran into the house with Officer Lara following. As he entered, Officer Lara saw Ortega drop something onto the couch where he had been sitting and rush for the back door. Other officers apprehended Ortega before he could exit the house. Officers recovered the dropped item and determined that it was a bag of marijuana. The officers also recovered a pill bottle containing 2.082 grams of heroin near the location where Ortega had been sitting.

It is uncontroverted that Officer Lara did not knock and announce his presence before entering the house. Ortega moved to suppress the evidence recovered from within the house, arguing that Officer Lara's failure to knock and announce violated Ortega's constitutional rights. The district court denied Ortega's motion, finding that the officers did not rely upon the "no-knock" authority in the warrant and that exigent circumstances existed that justified the officers' unannounced entry into the residence. The jury convicted Ortega of one count of possession of heroin with intent to distribute.

■ *Standard for reviewing determination and sufficiency of exigent circumstances.* We examine determinations of exigent circumstances using a de novo standard of review. *State v. Attaway,* 117 N.M. 141, 144, 870 P.2d 103, 106 (1994). We review the sufficiency of exigent circumstances by determining whether "a reasonable, well-trained, and prudent police officer" could conclude that swift action was necessary. *See id.* at 153, 870 P.2d at 115; *State v. Sanchez,* 88 N.M. 402, 403, 540 P.2d 1291, 1292 (1975) (holding that exigent circumstances "must be evaluated from the point of view of a prudent, cautious and trained police officer"), *overruled in part on other grounds by Attaway,* 117 N.M. at 146, 870 P.2d at 108. "[I]n all cases the ultimate question is whether the search and seizure was reasonable." *State v. Martinez,* 94 N.M. 436, 440, 612 P.2d 228, 232, *cert. denied,* 449 U.S. 959, 101 S.Ct. 371, 66 L.Ed.2d 226 (1980).

■ *Exigent circumstances based on destruction of evidence.* We agree with the cogent rationale expressed by Judge Chavez in his dissent below to the effect that the mere potential for destruction of evidence does not in itself give rise to any exigency. *See Ortega,* 114 N.M. at 201–02, 836 P.2d at 647–48. The federal courts and our state courts have long held that an unannounced entry is justified if, prior to entry, the officer has a reasonable belief that evidence is being or is about to be destroyed. *See Ker v. California,* 374 U.S. 23, 40–41, 83 S.Ct. 1623, 1633–34, 10 L.Ed.2d 726 (1963) (plurality opinion); *Sanchez,* 88 N.M. at 403, 540 P.2d at 1292. Since *Sanchez,* however, this Court has stated that the knock and announce rule is of constitutional dimension. *See Attaway,* 117 N.M. at 145–46, 870 P.2d at 107–08.

■ The purpose of a search warrant is to prevent unreasonable invasions of the privacy rights of individuals. *See Ker,* 374 U.S. at 39, 83 S.Ct. at 1632 (citing *People v. Maddox,* 46 Cal.2d 301, 294 P.2d 6, 9 (Cal.) (in bank), *cert. denied,* 352 U.S. 858 (1956)). We hold these privacy rights in such high regard that we require that every warrant be supported by probable cause. *E.g., State v. Cordova,* 109 N.M. 211, 213, 784 P.2d 30, 32 (1989). Evidence seized pursuant to an invalid warrant will be excluded, even if the officers relied in good faith on the warrant. *E.g., State v. Gutierrez,* 116 N.M. at 431, 863 P.2d at 1052. However, once an officer establishes probable cause and secures a warrant, that officer has the right to enter the premises of the place to be searched. *E.g., Attaway,* 117 N.M. at 151, 870 P.2d at 113.

The purpose of the search is to secure evidence that the officer has probable cause to believe exists. When a detached and neutral magistrate makes a determination that there is probable cause to support a search, that magistrate is making, in effect, a determination that the interests of law enforcement outweigh the privacy interests of the individual. The issue then becomes whether it was reasonable for the officer to make an unannounced entry into the premises. We stated in *Attaway* that "[a]n otherwise legal search pursuant to a warrant is not made unreasonable by an unannounced entry when privacy and occupant safety interests are minimal and the interests of law enforcement are strong." *Id.* at 151, 870 P.2d at 113.

Law enforcement officials have a strong interest in preserving evidence. The interest is so strong that the legislature made tampering with evidence a crime punishable as a felony. *See* NMSA 1978, § 30–22–5 (Repl.Pamp.1984). In situations of search and seizure, for an officer to form the reasonable belief that the occupant of a residence is destroying or will destroy evidence, the officer necessarily must believe that the occupants of the residence either know that the police are present or the officer must have good reason to believe that the occupants will destroy the evidence upon discovering that the police are present. If we require an officer to knock and announce his authority and purpose before executing a search warrant when the officer has good reason to believe that evidence will be destroyed, we would impair the officer's ability to preserve the evidence. By knocking and announcing, the officer gives the suspect sufficient notice and time to destroy the evidence and undermine the purpose of the search. We cannot believe that this is consistent with the purpose of the search and seizure provision of our constitution. *See* N.M. Const. art. II, § 10. Therefore, we hold that if an officer has good reason to believe that evidence will be destroyed, that officer is justified in making an unannounced entry into a person's residence. "Good reason" will be defined by whether it was objectively reasonable for the officer to believe that evidence is being or will be destroyed based upon the particular circumstances surrounding the search. *See Attaway,* 117 N.M. at 151, 870 P.2d at 113 (stating that "officer peril" exception to rule of announcement is based on "officer's objectively reasonable belief").

We place little stock in Officer Lara's fourteen years of experience and general knowledge regarding the destruction of narcotics. Instead, we rely on the facts that Officer Lara had particularized reason to believe that the occupants of the house would destroy the evidence and that the children alerted the occupants to the presence of the police. We find that it was objectively reasonable for Officer Lara to believe evidence would be destroyed because he had information to that effect from three different informants who had been in contact with Ortega to support that belief. Therefore, the unannounced entry in this case was reasonable under Article II, Section 10 of the New Mexico Constitution.

*Conclusion.* We agree with the analysis of the Court of Appeals on all other issues. Therefore, we affirm the ruling of the Court of Appeals and remand this case to the district court for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

MONTGOMERY and FRANCHINI, JJ., concur.