Certiorari Granted, November 4, 2011, No. 33,257

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number:  2011-NMCA-113

Filing Date: September 19, 2011

Docket No.  30,656 & 30,657 (Consolidated)

STATE OF NEW MEXICO,

        Plaintiff-Appellee,

vs.

CAROL BOYSE,

        Defendant-Appellant,


Consolidated with


STATE OF NEW MEXICO,

        Plaintiff-Appellee,

vs.

LESTER BOYSE,

        Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Fernando R. Macias, District Judge

Gary K. King, Attorney General
William Lazar, Assistant Attorney General
Santa Fe, NM

for Appellee

1

Jeff C. Lahann
Christopher K. P. Cardenas
Las Cruces, NM

for Appellants

**OPINION**

**BUSTAMANTE, Judge.**

**{1}**     Defendants appeal the denial of a motion to suppress evidence that was obtained pursuant to a warrant that the investigator obtained by telephone.  At issue is whether such warrants are recognized under the New Mexico Constitution.  We hold that they are not and reverse.

## I.     BACKGROUND

**{2}**     On August 21, 2008, Sergeant Jeff Gray (Investigator) responded to a call about a dead horse smell at Defendants' residence.  Investigator saw evidence of numerous problems and decided to obtain a search warrant.  The courts were closed, and Investigator did not attempt to find the judge in person.  Instead, Investigator contacted the on-call judge, Judge Oscar Frietz, by telephone in order to obtain verbal approval for the warrant.

**{3}**     Investigator described the procedure by which the warrant was obtained as follows. Investigator prepared a typewritten affidavit in the same way he would have for a written search warrant.  Investigator then spoke over the telephone with Judge Frietz.  Judge Frietz administered an oath to Investigator, and Investigator read to him the statement of facts in support of the search warrant.  The judge orally approved the warrant at 8:55 p.m., and Investigator signed the judge's name to the warrant.  The warrant was executed immediately. At some point in the next several days after the warrant had been executed, the judge signed and initialed the warrant.

## II.     DISCUSSION

**{4}**     Defendants argue that telephonic warrants are not valid in New Mexico because (1) they are inconsistent with our rules and (2) they may only be authorized by statute.  The State counters that the warrant was not telephonic, but was instead a standard written warrant that was telephonically approved.  Defendant also raises a number of other issues regarding the validity of the search warrant in this case.  Because we conclude that New Mexico does not recognize telephonic warrants, we need not examine the remaining issues.

**{5}**     Article II, Section 10 of the New Mexico Constitution protects against unreasonable searches and seizures:

2

The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures, and no warrant to search any place, or seize any person or thing, shall issue without describing the place to be searched, or the persons or things to be seized, nor without a *written* showing of probable cause, supported by oath or affirmation.

(emphasis added). It is well settled that this section of the New Mexico Constitution provides greater protection than the Fourth Amendment. *See State v. Leyva*, 2011-NMSC-009, ¶ 51, 149 N.M. 435, 250 P.3d 861. Our rule governing warrants is equally clear. *See* Rule 6-208(A)(4) NMRA ("A warrant shall issue *only on a sworn written statement* of the facts showing probable cause for issuing the warrant." (emphasis added)).

**{6}**     The question of whether New Mexico recognizes telephonic warrants has important implications. If such warrants are recognized, then our review is deferential, and we "must determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376. If they are not recognized, then this was a warrantless search, and the burden is on the State to prove that an exception to the warrant requirement applies. *See State v. Gutierrez*, 2004-NMCA-081, ¶ 6, 136 N.M. 18, 94 P.3d 18.

**{7}**     It is clear that telephonic warrants do not violate the Fourth Amendment. *See* Fed. R. Crim. P. 41(d)(3); *United States v. Rome*, 809 F.2d 665, 670 (10th Cir. 1987) (upholding a telephonic warrant despite procedural deficiencies). We have not previously determined whether such warrants are recognized under the New Mexico Constitution. After a brief discussion of the telephonic oath in this case, we examine the differences between the Fourth Amendment and Article II, Section 10, and conclude that telephonic warrants are not permitted in New Mexico.

## A.     Oath and Affirmation

**{8}**     As an initial matter, we must consider whether the affidavit prepared by Investigator was supported by oath or affirmation. If it was not, the warrant is not valid. *See* N.M. Const. art. II, § 10 (requiring that the writing be supported by oath or affirmation). The State asserts without citation that the "'sworn written statement of facts' need not be contemporaneous with its presentation to the magistrate." For the purposes of this Opinion, we need not decide the issue.

**{9}**     It is not clear that an oath can be administered over the telephone. *See* 58 Am. Jur. 2d Oath & Affirmation § 18 (2011) ("[T]he law requires the person taking an oath to be in the personal presence of the officer administering it. Oaths cannot be taken or administered over the telephone." (footnote omitted)). It is nevertheless possible that the affidavit was supported by oath or affirmation. "A sworn statement is one made under penalty of perjury." *Citizens for Incorporation, Inc., v. Bd. of Cnty Comm'rs*, 115 N.M. 710, 715, 858 P.2d 86, 91 (Ct. App. 1993). It is not inconceivable that Investigator could face perjury charges if the statements in the affidavit are false. *See State v. Knight*, 2000-NMCA-016, ¶¶ 25-29, 128

N.M. 591, 995 P.2d 1033 (holding that an affidavit was sufficient despite failure to comply with statutorily required formalities). However, it is not necessary for us to decide the issue. Instead, we assume without deciding that the "affidavit for search warrant" and the "statement of facts in support of search warrant" were sworn statements supported by oath or affirmation.

**B.      The Judge Must See the Writing Before Issuing a Warrant**

**{10}**      Every state has its own constitutional provision protecting against unreasonable searches and seizures. All but two of these provisions require a sworn showing of probable cause. *See* Ariz. Const. art. II, § 8; Wash. Const. art. I, § 7. Many of these states also have procedures for obtaining warrants over the phone. *See generally* 2 Wayne R. LaFave, Search and Seizure § 4.3(C), at 511-12 & nn.29-30 (4th ed. 2004). However, forty of the fifty state constitutions, as well as the Federal Constitution, do not require the showing of probable cause to be presented in writing. *See, e.g.*, U.S. Const. amend. IV; Tex. Const. art. I, § 9. Five states require probable cause to be shown by affidavit, *see* Fla. Const. art. I, § 12; Idaho Const. art. I, § 17; Ill. Const. art. I, § 6; S.D. Const. art. VI, § 11; Wyo. Const. art. I, § 4, and five, including New Mexico, specify that the showing of probable cause must be in "writing." *See* Colo. Const. art. II, § 7; Mo. Const. art. I, § 15; Mont. Const. art. II, § 11; N.M. Const. art. II, § 10, R.I. Const. art. I, § 6.

**{11}**      The requirement of a writing is key to our analysis. Article II, Section 10 requires "a *written* showing of probable cause, supported by oath or affirmation" (emphasis added). This language expresses a clear and unambiguous requirement that the facts upon which the probable cause determination is made must be in writing. Acknowledging this, the State directs us to authority from Idaho, Illinois, and South Dakota, which it claims supports its argument that telephonic warrants do not conflict with constitutions containing search and seizure provisions that require a writing. These states each require probable cause to be shown by affidavit. Our Supreme Court has said that an affidavit is "a written statement, under oath, sworn to or affirmed by the person making it before some person who has authority to administer an oath or affirmation." *Kiehne v. Atwood*, 93 N.M. 657, 667, 604 P.2d 123, 133 (1979). This is essentially identical to Article II, Section 10's requirement that probable cause be shown by a writing supported by oath or affirmation. Accordingly, we agree that telephonic warrant cases from these states may be instructive.

**{12}**      We are aware of only one state with a writing requirement that has allowed the sort of telephonic warrant at issue here. In *State v. Badger*, two roommates were convicted of possession of a controlled substance with intent to deliver. 525 P.2d 363, 364 (Idaho 1974). They appealed the denial of their motion to suppress evidence on the ground that the warrant was based on electronically recorded testimony. *Id.* The Idaho constitution requires that probable cause be shown by affidavit. *See* Idaho Const. art. I, § 17. The court affirmed the denial of the motion to suppress. *Badger*, 525 P.2d at 366. Its rationale was simple: as the Supreme Court, it had "the inherent power to formulate rules of practice and procedure in the courts of Idaho." *Id.* at 365. Accordingly, the court decreed that "the word 'affidavit' is broad enough to include the recording of sworn testimony." *Id.* Justice McFadden's dissent observed that this interpretation ignored the well-established meaning of the word

4

'affidavit,' which had always been defined as a writing and which required no construction to interpret. *Id.* at 367-68 (McFadden, J., dissenting).

**{13}** We are not in a position to adopt the reasoning from *Badger*. Unlike the Idaho Supreme Court, the New Mexico Court of Appeals does not have rule-making power. *See Ammerman v. Hubbard Broad., Inc.*, 89 N.M. 307, 312, 551 P.2d 1354, 1359 (1976) (holding that rule-making power is vested exclusively in the New Mexico Supreme Court). Furthermore, we are bound by Supreme Court precedent defining an affidavit as a writing. *See Kiehne*, 93 N.M. at 667, 604 P.2d at 133. Even if we were not so bound, we would agree with Judge McFadden's dissent, which correctly noted that the vast majority of authority concludes that an affidavit must be a writing. *See Black's Law Dictionary* 66 (9th ed. 2009) (defining "affidavit" as a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths"); *Webster's Third New Int'l Dictionary* (unabridged) 35 (1986) (defining an "affidavit" as "a sworn statement in writing made esp. under oath or on affirmation before an authorized magistrate or officer").

**{14}** The State has also directed our attention to cases from Illinois and South Dakota, both of which require probable cause to be supported by affidavit. The State's argument appears to be that since these states have "codified procedures governing telephonic search warrants," such warrants are compatible with constitutions requiring a writing. It is true that the legislature of Illinois has enacted a procedure governing the issuance of telephonic warrants. *See* Ill. Const. art. I, § 6; 725 Ill. Comp. Stat. 5/108-4(b) (2007). However, the courts of Illinois appear to have rejected the idea that telephonic warrants are valid. *See People v. Taylor*, 555 N.E.2d 1218, 1220 (Ill. App. Ct. 1990) ("We decline to read into the search warrant statute authorization for long distance factual findings by telephone. . . ."); *see also People v. Blake*, 640 N.E.2d 317, 320 (Ill. App. Ct. 1994) ("It appears the critical factor influencing the [*Taylor*] court's decision was the failure to comply with the requirements that the warrant be issued upon a written complaint under oath or affirmation."). Furthermore, although the State did not mention this in its brief, we also note that the Illinois statute applies only to acts of terrorism and that by its own terms it "is inoperative on and after January 1, 2005." *See* 725 Ill. Comp. Stat. 5/108-4(b)(1), (8).

**{15}** South Dakota has taken a different approach. The South Dakota statute provides a procedure for obtaining a telephonic warrant and states that, where the procedure is followed, the certified, filed transcription of the telephone conversation "shall be deemed to be an affidavit." S.D. Codified Laws § 23A-35-5 (1978). However, unlike South Dakota, we have no rule or statute purporting to equate a recording or transcript of a telephone conversation with a writing for the purposes of Article II, Section 10. In any event, no recording or transcript was made in this case.

**{16}** The mere existence of a sworn writing is not enough to satisfy the requirements of Article II, Section 10. The issuing court must base its decision, at least in part, on the writing. Our constitution and rules require that "no warrant . . . shall issue . . . without a *written showing* of probable cause, supported by oath or affirmation." Article II, Section 10 (emphasis added); *see also* Rule 6-208(A). We construe this to mean not simply that a sworn writing must exist somewhere, but also that it must be shown to and considered by the

5

issuing court before the warrant issues. Thus, as the State acknowledges, a judge may make his or her decision based upon the writing without hearing from the officer. *See* Rule 6-208(F) (allowing the judge, at his or her discretion, to require testimony from the affiant). However, the requirement is *not* satisfied when an investigator makes a writing but does not show it to the judge. Here, at the time the magistrate court approved the warrant, it had not seen a written affidavit showing probable cause. Instead, its decision was based on an unrecorded phone conversation. Because this procedure does not meet the requirements of the New Mexico Constitution, the warrant was invalid and the evidence should have been suppressed.

{17}　There are obvious problems with the procedure that was followed in this case. Investigator testified that he read the statement of facts verbatim to the magistrate judge after he was sworn during the phone conversation. However, the district court had no way of knowing whether the writing actually existed. If the affidavit did exist, the judge had no way of determining whether the Investigator's reading of the affidavit was verbatim. If the reading was verbatim, the judge had no way of knowing whether the affidavit was modified in the days between when the phone conversation took place and when the affidavit was actually signed by the judge. There is also no way to determine whether the conversation included material not contained in the affidavit. In short, neither Defendants nor this Court has any way to review the basis of the court's decision that there was probable cause. The potential for error or abuse in such a procedure is evident.

{18}　With appropriate protections, telephonic warrants may well be useful and advisable. After all, New Mexico has a strong preference for warrants, *State v. Gomez*, 1997-NMSC-006, ¶ 36, 122 N.M. 777, 932 P.2d 1, and telephonic warrants "encourage law enforcement officers to obtain approval for a search from a magistrate, in situations where they might otherwise feel that there was no time for anything but a warrantless search." 38 ALR 4th 1145, § 2[a]. Many jurisdictions have adopted rules that address the concerns that arise when the showing of probable cause is made over the telephone. However, under our current law, telephonic warrants are not permissible. If New Mexico is to adopt them, it is for our Supreme Court to formulate rules that would render them valid.

### III.　CONCLUSION

{19}　For the foregoing reasons, we reverse the order denying Defendants' motion to suppress and remand for further proceedings consistent with this Opinion.

{20}　**IT IS SO ORDERED.**

_____
　　　**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

**CYNTHIA A. FRY, Chief Judge**

**Topic Index for *State v. Boyse*, Nos. 30,656/30,657**

| | |
|---|---|
| **CT** | **CONSTITUTIONAL LAW** |
| CT-FA | Fourth Amendment |
| CT-NM | New Mexico Constitution, General |
| CT-SU | Suppression of Evidence |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-MR | Motion to Suppress |
| CA-PO | Peace Officer |
| CA-PA | Probable Cause |
| CA-SZ | Search and Seizure |
| CA-SW | Warrant |